# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR16-3007-LTS |
| vs. | | **ORDER** |
| DONTAVIOUS CUNNINGHAM, | | |
| Defendant. | | |

_____

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge, recommends that I deny defendant's motion to suppress. *See* Doc. No. 45.

## I.     BACKGROUND

### A.     *Procedural History*

On February 17, 2016, the grand jury returned an indictment (Doc. No. 2) against defendant Dontavious Cunningham charging him with one count of possession of a firearm by a felon.  Cunningham filed his motion to suppress (Doc. No. 32) on March 23, 2016.   Judge Scoles conducted a hearing on April 11, 2016, and issued his R&R on April 15, 2016.  Neither party has filed written objections to the R&R.  Any objections are now deemed waived. *See* N.D. Ia. L.R. 72.

### B.     *Relevant Facts*

I find no error with regard to Judge Scoles' detailed statement of facts and, therefore, adopt it in its entirety.  In short, the Iowa Division of Narcotics Enforcement (DNE) opened an investigation into methamphetamine manufacturing that led them to

Cunningham. Ultimately, DNE Special Agent Matthew Anderson submitted an application for a search warrant to a state court magistrate on December 8, 2015. The application identified Cunningham's apartment, vehicle and person, as well as two other persons, as the locations to be searched. Shortly after Agent Anderson purchased methamphetamine for a third time from Cunningham, an Iowa State Patrol tactical team executed the search warrant. During the search, authorities found two guns in a bedroom and one gun in Cunningham's pocket.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of*

*Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. DISCUSSION

Cunningham argues that the search warrant application violated the standard set out in *Franks v. Delaware*, 438 U.S. 154 (1978), by failing to include all relevant information about a confidential source. Judge Scoles concluded that Agent Anderson did not intentionally mislead the court or do so with reckless disregard as to whether the omissions would make the affidavit misleading. Additionally, Judge Scoles found that even if the affidavit would have included the omitted information, probable cause still existed for the warrant to issue. Finally, Judge Scoles concluded that the gun found on Cunningham's person would have been discovered during a pat-down, meaning that even if a *Franks* violation occurred, the gun was not subject to suppression. Doc. No. 45 at 10-13.

### A. *Applicable Standards*

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. Whether a warrant is supported by probable cause is a legal determination and is based on whether the warrant is supported by facts that would "justify a prudent person in the belief that there is a fair probability that contraband or evidence of a crime will be found in a particular

place." *United States v. Thurmond*, 782 F.3d 1042, 1044 (8th Cir. 2015) (quoting *United States v. Riedesel*, 987 F.2d 1383, 1390 (8th Cir. 1993)). "A warrant issued on the basis of an affidavit that shows probable cause only because it contains a deliberate or reckless falsehood or omission violates the Fourth Amendment." *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 647 (8th Cir. 2001) (citing *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978)); *United States v. Humphreys*, 982 F.2d 254, 258 n.2 (8th Cir. 1992).

In *Franks*, the Supreme Court stated:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

438 U.S. at 171-72 [footnote omitted]. Thus, a defendant is not automatically entitled to an evidentiary hearing to challenge statements made in a search warrant affidavit. Instead, the defendant must demonstrate the need for an evidentiary hearing by making two threshold showings: (1) the affiant knowingly, intentionally, or with reckless disregard for the truth, included a false statement in the affidavit; and (2) without this information included in the affidavit, there is no longer probable cause.

***B.*** *Analysis*

Because neither party objected to the R&R, I have reviewed it for clear error. Based on that review, I find that Judge Scoles applied the correct legal standards and that the record supports his findings: (1) that Agent Anderson did not intentionally, or with a reckless disregard for the truth, mislead the issuing magistrate and (2) that even if the omitted information had been included in the affidavit, probable cause still existed to issue the warrant. I further find that the record supports Judge Scoles' alternative finding that the inevitable discovery doctrine would prevent application of the exclusionary rule to the gun found in Cunningham's pocket. As such, I agree with Judge Scoles that Cunningham is not entitled to suppression of the evidence at issue.

Because I am not "left with the definite and firm conviction that a mistake has been committed," *Anderson*, 470 U.S. at 573-74, I hereby **accept** the R&R (Doc. No. 45) without modification. Cunningham's motion to suppress (Doc. No. 32) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 17th day of May, 2016.

_____

LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE