# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DONTAVIOUS CUNNINGHAM, <br><br> Defendant. | No. CR16-3007-LTS <br><br> **ORDER** <br><br> (filed under seal) |

## I. INTRODUCTION

On June 9, 2016, defendant filed a supplemental motion in limine (Doc. No. 86) raising six new evidentiary issues. On the same day, I entered an order (Doc. No. 88) denying the motion as untimely.[1] Defendant then refiled the motion (Doc. No. 89), this time indicating in the caption that it is "unresisted." In paragraph 3, however, defendant stated that opposing counsel "does not resist the filing of the Supplemental Motion in Limine with respect to paragraphs 2-6." The refiled motion was thus ambiguous as to whether the Government (a) agreed to the relief requested in paragraphs 2 through 6 or (b) simply had no objection to the untimely filing of the motion as to those paragraphs. As such, I contacted counsel via email to clarify the situation.

Defense counsel responded with an email message explaining that "it only means that the United States does not object to the untimely filing of the motion with respect to paragraphs 2 - 6." Counsel for the Government then confirmed this indicated that a resistance would be filed. The resistance (Doc. No. 94) was filed June 10, 2016.

---

[1] In my order, I indicated that the motion raised five new issues, not six, because the supporting brief contained five sections. *See* Doc. No. 86-1 at 1-3. However, the motion itself did, in fact, itemize six separate categories of evidence. *See* Doc. No. 86 at 1.

## II.  THE UNTIMELINESS PROBLEM

As I noted in yesterday's order, trial-related motions, such as motions in limine, must be filed at least 14 days before the commencement of trial. Doc. No. 88 (citing Doc. No. 18 at 3, § IV(B)). Defendant filed, and then refiled, his supplemental motion four days before trial. Doc. Nos. 86, 89. Even after I pointed out defendant's failure to address the issue of good cause, he provided no explanation when refiling the motion. Doc. Nos. 88, 89. Instead, he simply advised me that the Government does not object to the filing of an untimely motion, at least with regard to items 2 through 6. Doc. No. 89. That might be fine if the deadline existed solely for the benefit of the parties. It doesn't. The deadline is for the court's benefit, as well, to prevent the need for rushed, eleventh-hour consideration of issues that could have been raised long ago. *See, e.g.,* This Order.

Defendant may have good reasons for being unable to raise these supplemental issues until shortly before trial. Indeed, the Government's decision not to object on grounds of timeliness with regard to items 2 through 6 suggests that such reasons may exist. Defendant should have explained those reasons instead of staying silent about them. Because it is likely that I will continue to preside over some share of the criminal cases pending in Cedar Rapids, counsel are advised that in the future, untimely motions that offer no explanation of good cause will be denied summarily.

Having said that, I have elected to waive the untimeliness defect with regard to items 2 through 6 in light of the Government's decision not to object on that basis. I also will comment briefly about item 1, even though the Government objects to that item as being untimely. Due to the press of time, my discussion of the new issues will be abbreviated.

## III. ANALYSIS

### A. Two Additional Firearms (Item 1)

Defendant has waived the right to obtain a pretrial determination of admissibility on this issue. As such, this part of the supplemental motion will be denied as untimely. However, defendant has not waived the right to object to this evidence, or any other evidence, as it is offered during the course of trial. I believe it will be more efficient to address the two additional firearms at issue outside the presence of the jury before the Government attempts to introduce evidence about them into evidence. As such, I will hear arguments on this issue when I meet with counsel before opening statements.[2]

### B. Blocton's Felony Conviction (Item 2)

The Government does not resist the impeachment of Blocton with his prior felony conviction, if he testifies. Thus, this part of the supplemental motion will be granted. However, there appears to be some confusion about the precise nature of the conviction. Any party intending to mention the conviction during Blocton's testimony is responsible for accurately describing it.

### C. Possession of Firearms and Drugs in Alabama (Items 3 and 4)

This issue is similar to one that I addressed in my ruling (Doc. No. 91) on the parties' previous motions in limine. I stated:

> However, if it is true that multiple witnesses will testify that Cunningham possessed drugs and guns at the same time during the visit to Alabama and return trip to Iowa, I would expect to find such testimony admissible. Given Cunningham's denial that he knowingly possessed the firearm, testimony that he possessed it during an extended period of time, and that he was engaged in drug-distribution activities, would be directly relevant to the

---

[2] I plan to meet with the attorneys and parties at 1:00 p.m. on Monday to address last-minute issues before the jurors are brought in.

>Government's case. Based on the current record, ruling on this issue is reserved.

Doc. No. 91 at 12. My position has not changed. This part of the supplemental motion will be denied. Defendant may, of course, object to such testimony at trial, but at this stage I cannot conclude that it must be excluded.

### D. *Statements from Blocton to Agent Anderson (Item 5)*

According to the Government, Blocton contacted Agent Anderson on December 8, 2015, and told him that defendant (and Mark Cunningham) had returned from Alabama with three guns, methamphetamine and Xanax. The Government states that Blocton also provided Anderson with a photo of two of the three guns and said that the third gun was on defendant's person. Defendant contends that these statements are inadmissible hearsay. The Government argues that the statements will not be offered for the truth of the matters asserted but, instead, to explain the course of the investigation (*i.e.*, why Anderson arranged a controlled purchase of drugs and obtained a search warrant).

If offered for their truth, the statements at issue are clearly inadmissible hearsay. However, I agree with the Government that if Anderson describes the statements not for their truth, but to explain the progression of his investigation, the statements are admissible. Thus, Anderson may testify about the statements made to him by Blocton to the extent necessary to explain Anderson's course of conduct. If defendant objects, and requests a limiting instruction, I will explain to the jurors that they may not consider Blocton's statements to Anderson for their truth. This part of the supplemental motion will be denied.

### E. *Comparing Cash Rolls (Item 6)*

The Government anticipates that Christina Midland may testify that she saw defendant and Mark Cunningham "comparing cash rolls" during the visit to Alabama.

4

Defendant argues that this evidence is unfairly prejudicial under Rule 403. The Government argues that evidence of defendant's display or possession of large amount of cash is relevant to show that he knowingly possessed a firearm. While I agree with the Government that evidence of defendant's possession of large amounts of cash is admissible, I agree with defendant that testimony about "comparing cash rolls" goes too far and crosses the Rule 403 line. I will grant this part of the supplemental motion.

## IV.   CONCLUSION

Defendant's supplemental motion (Doc. No. 89) in limine is **granted** with regard to items 2 and 6 and **denied** with regard to items 1, 3, 4 and 5. I will hear arguments concerning the evidence addressed in item 1 outside the presence of the jury.

The Clerk shall file this order, along with Docket No. 89, under seal to avoid the potential disclosure of inadmissible information to prospective jurors. The Clerk shall unseal this order, along with the other documents listed above, **10 days** after the jury has been discharged.

**IT IS SO ORDERED.**

**DATED** this 10th day of June, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE