# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR16-3007-LTS |
| vs. | **ORDER** |
| DONTAVIOUS CUNNINGHAM, | |
| Defendant. | |

This matter is before me on a pro se motion (Doc. No. 105) for acquittal filed by defendant Dontavious Cunningham. Plaintiff (the Government) has filed a resistance (Doc. No. 107).

## I.  BACKGROUND

The grand jury charged Cunningham by indictment (Doc. No. 2) with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). During trial, I denied Cunningham's oral motion and renewed oral motion for acquittal pursuant to Federal Rule of Criminal Procedure 29, finding that the Government presented sufficient evidence for the jury to return a guilty verdict. However, I granted Cunningham's request to instruct the jury on the issue of entrapment in light of his trial testimony. The jury ultimately returned a verdict of guilty. *See* Doc. No. 104. Cunningham then filed his pro se motion for acquittal.

## II.  APPLICABLE STANDARDS

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court

may set aside the verdict and enter a judgment of acquittal. *See* Fed. R. Crim. P. 29(c). It is well-settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The Government, as the prevailing party, is entitled to have the evidence viewed in the light most favorable to them. *See United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable minded jury could have found the defendant guilty beyond a reasonable doubt. *Id*. Moreover, courts "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id*. (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). Additionally, courts should not reconsider the credibility of the witnesses as that is a task for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

## III.     ANALYSIS

### A.     *Pro Se Motion*

The Government argues that I should not consider Cunningham's motion because, despite being represented by counsel, he filed the motion pro se. "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." *United States v. Maxwell*, 778 F.3d 719, 738 (8th Cir. 2015) (quoting *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994), *cert. denied*, 513 U.S. 909, and 513 U.S. 949 (1994)). While a "district court has no obligation to entertain pro se motions filed by a represented party," *United States v. Pate*, 754 F.3d 550, 553 (8th Cir. 2014) (quoting *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001)), there is no "explicit rule barring pro se filings by represented parties." *Agofsky*, 20 F.3d at 872. While I generally reject pro se motions filed by represented parties, Cunningham's motion is basically a renewal of the Rule 29 motion made by his counsel during trial. As such, I will consider his arguments.

## B. Ineffective Assistance of Counsel

Cunningham argues that his trial counsel was ineffective for failing to present certain evidence and witnesses during the trial. The Government argues that any claims of ineffective assistance at this point are premature. I agree. Ineffective assistance claims are best left for collateral appeal and will be addressed only if (1) "the record has been fully developed," (2) "not act[ing] would amount to a plain miscarriage of justice" or (3) "counsel's error is readily apparent." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). None of these circumstances are present here. As such, Cunningham's ineffective assistance of counsel claim is best left for collateral appeal.

## C. Entrapment

Cunningham also argues that the jury improperly rejected his entrapment defense. Instruction 12A stated:

> One of the issues in this case is whether the defendant was entrapped. The prosecution has the burden of proving beyond a reasonable doubt that the defendant was not entrapped by showing either: (1) the defendant was willing to commit the "felon in possession of a firearm" offense before he was approached or contacted by law enforcement agents or someone acting for the government; or (2) the government, or someone acting for the government, did not persuade or talk the defendant into committing the "felon in possession of a firearm" offense. If you find that prosecution proved at least one of these two things beyond a reasonable doubt, then you must reject the defendant's claim of entrapment. If you find that the prosecution failed to prove at least one of these two things beyond a reasonable doubt, then you must find the defendant not guilty.
>
> The law allows the government to use undercover agents, deception, and other methods to present a person already willing to commit a crime with the opportunity to commit a crime, but the law does not allow the government to persuade an unwilling person to commit a crime. Simply giving someone a favorable opportunity to commit a crime is not the same as persuading him.

Doc. No. 102 at 21.

Cunningham appears to argue that he was entrapped as a matter of law. "In order to demonstrate entrapment as a matter of law, the evidence 'must clearly have indicated that a government agent originated the criminal design; that the agent implanted in the mind of an innocent person the disposition to commit the offense; and that the defendant then committed the criminal act at the urging of the government agent.'" *United States v. Holmes*, 13 F.3d 1217, 1220 (8th Cir. 1994) (quoting *United States v. Randolph*, 738 F.2d 244, 245 (8th Cir. 1984) (per curiam)). Here, the Government presented evidence that Cunningham possessed a firearm prior to the night officers recovered a firearm from his pants pocket. Additionally, the Government presented evidence of Cunningham's three prior convictions for carrying a firearm without a permit. *See United States v. Abumayyaleh*, 530 F.3d 641, 650 (8th Cir. 2008) (prior bad acts are admissible to show predisposition when an entrapment defense is asserted).

Moreover, Cunningham testified that the confidential source asked him multiple times to take possession of the firearm and that he finally agreed to do so, after initially declining. Viewing the evidence in a light most favorable to the Government, I find there was more than sufficient evidence for the jury to find that Cunningham was not entrapped. "Entrapment is an affirmative defense generally left to the jury. . . ." *United States v. Coleman*, 284 F.3d 892, 894-95 (8th Cir. 2002) (citations omitted). "Where the evidence is in conflict, we leave the jury's verdict undisturbed." *United States v. Myers*, 575 F.3d 801, 805 (8th Cir. 2009). Here, I conclude that there is no reason to disturb the jury's verdict.

## IV. CONCLUSION

For the reasons set forth herein, defendant's motion for a judgment of acquittal (Doc. No. 105) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 14th day of July, 2016.

                                                _____
                                                LEONARD T. STRAND
                                                UNITED STATES DISTRICT JUDGE